UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 1 2 2011

UNITED STATES OF AMERICA

   - v. -               :    **SEALED**
                           :    **INDICTMENT**

STEFAN GILLIER,              :    11 Cr.
    a/k/a "Stephan Gillier,"
    a/k/a "Stefan R.R. Gillier,"  **11 CRIM  409**
    a/k/a "Roland Gillier,"
    a/k/a "Roland Van Gorp,"    :

        Defendant.        :

- - - - - - - - - - - - - - - - - - x

COUNT ONE

(Conspiracy)

The Grand Jury charges:

Relevant Entities and Individuals

1. At all times relevant to this Indictment, RTF International, Inc. ("RTF") was a Delaware corporation and was registered with the New York Secretary of State as doing business in the State of New York. At all times relevant to this Indictment, RTF had an office located at 275 Madison Avenue in New York, New York, and was engaged in the business of buying and selling aircraft parts.

2. At all times relevant to this Indictment, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, was a co-president of RTF, a signatory on RTF's bank accounts,

and conducted business on behalf of RTF.  GILLIER is a citizen of Belgium and a resident of Canada.

3.    At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") was a co-president of RTF and president of UN Air Service, Inc., d/b/a "UAS" ("UAS"), a New York corporation engaged in the business of buying and selling aircraft parts.

4.    At all times relevant to this Indictment, Honeywell International, Inc. ("Honeywell") was a Delaware corporation and registered with the New York Secretary of State as doing business in the State of New York.  At all times relevant to this Indictment, Honeywell was engaged in the business of manufacturing and selling aircraft parts through its headquarters in Arizona and in other offices located throughout the United States and abroad.

5.    At all times relevant to this Indictment, Shey Systems Inc. ("Shey") was an Iowa corporation and registered with the Iowa Secretary of State as doing business in the State of Iowa. At all times relevant to this Indictment, Shey was engaged in the business of buying and selling aircraft parts with customers throughout the United States and abroad.

<u>The Scheme to Defraud</u>

6.    From at least in or about 2004, up through and including on or about March 1, 2010, STEPHAN GILLIER, a/k/a

"Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, along with CC-1 and others, known and unknown, devised and perpetrated a scheme to defraud aircraft part manufacturers out of millions of dollars worth of aircraft parts.

7.    In connection with the scheme, STEPHAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, along with CC-1 and others, known and unknown, caused RTF to order and receive approximately $8 million worth of aircraft parts from Honeywell, which RTF sold to third parties for a profit.

8.    To execute the scheme, STEPHAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, among other things, signed checks to Honeywell on behalf of RTF to make it appear as though RTF was paying for the parts. After Honeywell shipped the parts to RTF, GILLIER caused stop payment orders to be placed on the checks to Honeywell. When questioned by Honeywell's employees about the stop payment orders on the checks, GILLIER, using an alias, falsely represented, in substance and in part, that the stop payment orders were the result of a misunderstanding with the bank and that he would check with RTF's finance department. In truth and fact, and as GILLIER well knew,

these representations were false; GILLIER had issued the stop payment orders, and RTF did not have a finance department.

9.   In furtherance of the scheme, in June 2006, at or near a time when Honeywell began seeking relief against RTF in civil court, STEPHAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, caused various money transfers of profits from the fraudulent scheme into bank accounts belonging to GILLIER and his family member, as well as bank accounts belonging to relatives of CC-1.

## Statutory Allegations

10.   From at least in or about 2004 up to and including on or about March 1, 2010, in the Southern District of New York and elsewhere, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, CC-1, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1341, 1343, 1957, and 2314 of Title 18, United States Code.

## Objects of the Conspiracy

### Mail Fraud

11.   It was a part and an object of the conspiracy that STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R.

Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the
defendant, and others known and unknown, unlawfully, willfully,
and knowingly, having devised and intending to devise a scheme
and artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, for the purpose of executing such scheme and artifice
and attempting so to do, would and did place in a post office and
authorized depository for mail matter, matters and things to be
sent and delivered by the Postal Service, and would and did
deposit and cause to be deposited matters and things to be sent
and delivered by private and commercial interstate carriers, and
would and did take and receive therefrom such matters and things,
and would and did knowingly cause to be delivered by mail and
such carriers according to the directions thereon, and at the
places at which they were directed to be delivered by the persons
to whom they were addressed, such matters and things, in
violation of Title 18, United States Code, Section 1341.

<u>Wire Fraud</u>

12. It was further a part and an object of the conspiracy
that STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R.
Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the
defendant, and others known and unknown, unlawfully, willfully,
and knowingly, having devised and intending to devise a scheme
and artifice to defraud, and for obtaining money and property by

means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Interstate Transportation of Stolen Property

13.   It was further a part and an object of the conspiracy that STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

### Monetary Transactions in Property Derived from Specified Unlawful Activity

14.   It was further a part and an object of the conspiracy that STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, and others known and unknown, would and did engage in a monetary transaction in the United States, in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity -- that is, mail fraud, wire fraud,

and interstate transportation of stolen property, in violation of Title 18, United States Code, Sections 1341, 1343, and 2314 -- in violation of Title 18, United States Code, Section 1957.

<u>Overt Acts</u>

15.   In furtherance of the conspiracy and to effect the illegal objects thereof, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about September 27, 2005, GILLIER caused payment to be stopped on three checks to Honeywell, each for $14,483.50.

b.   On or about February 26, 2006, RTF issued an invoice to Shey for an air turbine starter, along with wire instructions that identified an account at HSBC Bank, based in New York, New York ("RTF's HSBC Account"), as the bank account to which Shey should send payment.

c.   On or about April 12, 2006, RTF received in RTF's HSBC Account a wire transfer from Shey's bank in the amount of approximately $46,000.

d.   On or about April 12, 2006, RTF shipped an air turbine starter, which RTF had obtained from Honeywell, from New York to Shey in Iowa by Federal Express.

7

e.    On or about April 12, 2006, GILLIER caused

thousands of dollars to be transferred from RTF's HSBC Account to

various bank and investment accounts belonging to GILLIER, CC-1,

and RTF.

f.    On or about April 19, 2006, RTF issued an invoice

to Shey for an air turbine starter, along with wire instructions

that identified RTF's HSBC Account as the bank account to which

Shey should send payment.

g.    On or about May 15, 2006, RTF received in RTF's

HSBC Account a wire transfer from Shey's bank in the amount of

approximately $63,100.

h.    On or about May 17, 2006, RTF shipped an air

turbine starter, which RTF had obtained from Honeywell, from New

York to Shey in Iowa by Federal Express.

i.    From in or about March 2006 through in or about

May 2006, GILLIER, using the alias, "Roland Van Gorp,"

communicated with various Honeywell employees concerning RTF's

procurement of aircraft parts from Honeywell.

j.    On or about June 13, 2006, GILLIER told an

individual acting as the Chief Security Officer for Honeywell's

Aerospace Division, in substance and in part, that "Roland Van

Gorp" was a person who worked at RTF's New York Office.

k.    On or about June 14, 2006, GILLIER caused

approximately $40,000 to be transferred from RTF's Merrill Lynch

8

Account to GILLIER's Merrill Lynch Account, approximately $40,000 to be transferred from GILLIER's Merrill Lynch Account to a Commerce Bank Account belonging to GILLIER, and approximately $20,000 to be transferred out of RTF's HSBC Account to GILLIER's Merrill Lynch Account.

   l. On or about June 15, 2006, GILLIER caused approximately $6,000 to be transferred from RTF's HSBC Account to a Royal Bank of Canada account belonging to a relative of CC-1, and approximately $3,295 to be transferred from RTF's HSBC Account to a Royal Bank of Canada account belonging to another relative of CC-1.

   m. On or about June 15, 2006, GILLIER caused approximately $23,952 to be transferred from RTF's Merrill Lynch Account to a Citibank account in the name of a family member of GILLIER.

   (Title 18, United States Code, Section 371.)

COUNT TWO

(Mail Fraud)

The Grand Jury further charges:

  16. The allegations contained in paragraphs 1 through 9 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

  17. From at least in or about 2004 up to and including in or about June 2006, STEFAN GILLIER, a/k/a "Stephan Gillier,"

9

a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a
"Roland Van Gorp," the defendant, in the Southern District of New
York and elsewhere, unlawfully, willfully, and knowingly, having
devised and intending to devise a scheme and artifice to defraud,
and for obtaining money and property by means of false and
fraudulent pretenses, representations, and promises, for the
purpose of executing such scheme and artifice and attempting so
to do, did deposit and cause to be deposited matters and things
to be sent and delivered by private and commercial interstate
carriers, and did knowingly cause to be delivered, by such
carriers according to the directions thereon, and at the places
at which they were directed to be delivered by the persons to
whom they were addressed, such matters and things, to wit, in
furtherance of a scheme to defraud aircraft part manufacturers
out of property, GILLIER caused mailings, including, among
others, a mailing by Federal Express on or about May 17, 2006, of
an air turbine starter, which RTF fraudulently had obtained from
Honeywell, to Shey Systems Inc., a company in Iowa.

(Title 18, United States Code, Sections 1341 and 2.)

COUNT THREE

(Wire Fraud)

The Grand Jury further charges:

18.   The allegations contained in paragraphs 1 through 9 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

19.   From at least in or about 2004 up to and including in or about June 2006, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, in the Southern District of New York and elsewhere, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, in furtherance of a scheme to defraud aircraft part manufacturers out of property, GILLIER caused interstate wirings, including, among others, a wire transfer on or about June 14, 2006, of approximately $40,000 from a financial institution in New York to a financial institution in Kansas.

(Title 18, United States Code, Sections 1343 and 2.)

11

## COUNT FOUR

(Interstate Transportation of Stolen Property)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 9 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

21. On or about May 17, 2006, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, in the Southern District of New York and elsewhere, unlawfully, willfully, and knowingly did transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, to wit, GILLIER caused RTF to ship by Federal Express an air turbine starter worth more than $5,000, which RTF fraudulently had obtained from Honeywell, from New York to Iowa.

(Title 18, United States Code, Sections 2314 and 2.)

## COUNTS FIVE THROUGH EIGHT

(Monetary Transactions in Property Derived from
Specified Unlawful Activity)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 9 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

23.   In or about June 2006, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, in the Southern District of New York and elsewhere, unlawfully, willfully, and knowingly, did engage in and attempt to engage in monetary transactions in the United States by through and to financial institutions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, transfer funds, such property having been derived from specified unlawful activity, that is, the offenses charged in Counts Two, Three, and Four of this Indictment, to wit, GILLIER caused funds, which Gillier knew to be the proceeds of unlawful activity, to be transferred as described in the table below:

| Count | Approximate Amount of Transfer | Origination Account | Recipient Account | Approximate Date of Transfer |
|---|---|---|---|---|
| 5 | $40,000 | RTF's Merrill Lynch Account | GILLIER's Merrill Lynch Account | 6/14/2006 |
| 6 | $40,000 | GILLIER's Merrill Lynch Account | GILLIER's Commerce Bank Account | 6/14/2006 |
| 7 | $20,000 | RTF's HSBC Account | GILLIER's Merrill Lynch Account | 6/14/2006 |
| 8 | $23,952 | RTF's Merrill Lynch Account | GILLIER's family member's Citibank Account | 6/15/2006 |

(Title 18, United States Code, Sections 1957 and 2.)

FORFEITURE ALLEGATION AS TO COUNT ONE

24. As a result of committing the offense alleged in Count One of this Indictment, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived, directly and indirectly, from proceeds traceable to the commission of that offense, and all property, real and personal, involved in such offense and any property traceable to such property, including but not limited to the following:

> a.   a sum of United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment, and representing property, real and personal, involved in that offense and any property traceable to such property; and
>
> b.   the property enumerated in Forfeiture Schedules A and B, attached hereto, representing the property that constitutes and is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, and representing

property, real and personal, involved in
that offense and any property traceable to
such property.

SUBSTITUTE ASSET PROVISION

25.   If any of the above-described forfeitable property, as
a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third person;

c.   has been placed beyond the jurisdiction of the
Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Sections 981(a)(1)(C) and 982(b), and Title
28, United States Code, Section 2461, to seek forfeiture of any
other property of the defendant up to the value of the above
forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and 982(b);
      and Title 28 United States Code, Section 2461.)

FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FOUR

26.   As a result of committing the offenses alleged in Counts Two through Four of this Indictment, STEFAN GILLIER, a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a "Roland Gillier," a/k/a "Roland Van Gorp," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived, directly and indirectly, from proceeds traceable to the commission of those offenses, including but not limited to the following:

      a.   a sum of United States currency representing the amount of proceeds obtained as a result of the offenses charged in Counts Two through Four of the Indictment; and

      b.   the property enumerated in Forfeiture Schedules A and B, attached hereto, representing property that constitutes and is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Indictment.

SUBSTITUTE ASSET PROVISION

27.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

16

a.    cannot be located upon the exercise of due
      diligence;

b.    has been transferred or sold to, or deposited
      with, a third person;

c.    has been placed beyond the jurisdiction of the
      Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461, to seek forfeiture of any other
property of the defendant up to the value of the above
forfeitable property.

   (Title 18, United States Code, Sections 981(a)(1)(C); and
        Title 28 United States Code, Section 2461.)

## FORFEITURE ALLEGATION AS TO COUNTS FIVE THROUGH EIGHT

   28.   As a result of committing the offenses alleged in
Counts Five through Eight of this Indictment, STEFAN GILLIER,
a/k/a "Stephan Gillier," a/k/a "Stefan R.R. Gillier," a/k/a
"Roland Gillier," a/k/a "Roland Van Gorp," the defendant, shall
forfeit to the United States pursuant to Title 18, United States
Code, Section 982(a)(1), all property, real and personal,
involved in the offenses and any property traceable to such
property, including but not limited to the following:

a.   a sum of United States currency representing the property, real and personal, involved in the offenses and any property traceable to such property, charged in Counts Five through Eight of the Indictment; and

b.   the property enumerated in Forfeiture Schedules A and B, attached hereto, representing the property, real and personal, involved in the offenses and any property traceable to such property, as charged in Counts Five through Eight of the Indictment.

<u>SUBSTITUTE ASSET PROVISION</u>

29.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b), and Title 28,

United States Code, Section 2461, to seek forfeiture of any other

property of the defendant up to the value of the above

forfeitable property.

      (Title 18, United States Code, Section 982(b); and
         Title 28 United States Code, Section 2461.)


FOREPERSON _____

_____
PREET BHARARA
United States Attorney

19

U.S. v. Gillier                              Forfeiture Schedule A                                        Page 1

| BOX 1 | | | | |
|-------|--|--|--|--|
| | | | | |
| **LOOSE ITEMS** | | | | |
| **PART DESCRIPTION** | **PART NUMBER** | **SERIAL NUMBER** | **QUANTITY** | **MANUFACTURER** |
| VALVE | MS28889-2 | | 1 | M&M AEROSPACE HARDWARE, INC |
| | | | | |
| **SUB-BOX 53** | | | | |
| **PART DESCRIPTION** | **PART NUMBER** | **SERIAL NUMBER** | **QUANTITY** | **MANUFACTURER** |
| BRAKE DISK | 134242-1 | 484010 | 1 | GOODRICH AIRCRAFT WHEELS&BRAKES CORP |
| | | | | |
| **SUB-BOX 37** | | | | |
| **PART DESCRIPTION** | **PART NUMBER** | **SERIAL NUMBER** | **QUANTITY** | **MANUFACTURER** |
| CARRIER LINING & BUTTON | 342116-1 | 220645 | 2 | GOODRICH AIRCRAFT WHEELS&BRAKES CORP |
| BEARING | 3034918 | | 1 | UNKNOWN |
| HOUSING RACK | 14330-054 | 809003648 | 1 | MONOGRAM SYSTEMS |
| ASPIRATOR ASSY | D37008-107 | N0842B | 1 | AERAZUR GROUP ZODIAC |
| BEARING | 99-090933 | | 3 | AMETEK AEROSPACE & DEFENSE |
| RING, PISTON | 3750806-1 | | 1 | HONEYWELL |
| BULB, TAIL STROBE | 31-3172-1 | | 1 | RAYTHEON |
| | | | | |
| **SUB-BOX 38** | | | | |
| **PART DESCRIPTION** | **PART NUMBER** | **SERIAL NUMBER** | **QUANTITY** | **MANUFACTURER** |
| MODIF ATION KIT | 3023073 | | 2 | PRATT & WHITNEY, CANDA |
| 475-35V-20TC | AB-1065-AP | | 1 | AMETEK AEROSPACE & DEFENSE |
| CONNECTOR | 2621W26G702 | | 1 | AMETEK AEROSPACE & DEFENSE |
| TORQUER POT | CB-1446-A | | 1 | AMETEK AEROSPACE & DEFENSE |
| DIAL | AD-34844 | | 1 | AMETEK AEROSPACE & DEFENSE |
| ASSY | BH-5326-A | | 1 | AMETEK AEROSPACE & DEFENSE |
| BASE | 537115-901 | | 1 | AMETEK AEROSPACE & DEFENSE |
| CABLE | BB-1508-K | | 1 | AMETEK AEROSPACE & DEFENSE |
| XMFR | CB-1460-W | | 2 | AMETEK AEROSPACE & DEFENSE |
| 1N459JAN/1N845JAN | AB-1063-AY | | 8 | AMETEK AEROSPACE & DEFENSE |
| SWITCH | 537818-001 | | 1 | AMETEK AEROSPACE & DEFENSE |
| CIRCUIT CARD ASSY | 91-1581-3 | | 1 | HONEYWELL |
| | | | | |
| **SUB-BOX 36** | | | | |
| **PART DESCRIPTION** | **PART NUMBER** | **SERIAL NUMBER** | **QUANTITY** | **MANUFACTURER** |
| SEAL ASSY | 3503021-2 | | 1 | HONEYWELL INTERNATIONAL, INC |
| GASKET | 3039526 | | 5 | PRATT & WHITNEY, CANADA |
| EXPANDER | 3166627-3 | | 1 | HONEYWELL INTERNATIONAL, INC |
| RESISTOR | 6146W18P005 | | 5 | AMETEK AEROSPACE & DEFENSE |
| RESISTOR | 6148K96P029 | | 5 | AMETEK AEROSPACE & DEFENSE |
| INSTRUCTION PLATE | 1031407-1 | | 1 | HONEYWELL INTERNATIONAL, INC |
| FITTING, BOTTLE | B45268-3 | | 3 | AIR CRUISERS COMPANY |
| GEAR ASSY FUEL PUMP | B56373-7 | | 7 | HONEYWELL INTERNATIONAL, INC |
| PACKING PREFORMED O'RING | S9026G267 | | 10 | BOEING COMMERCIAL AIRPLANE GROUP |
| WASHER | S9014K44 | | 3 | HONEYWELL INTERNATIONAL, INC |
| RING | A9635-1 | | 3 | VOLVO AERO SERVICES |
| RING | A9635-1 | | 2 | VOLVO AERO SERVICES |