UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
                -v.-              :     **PROTECTIVE ORDER**
                                 :
STEFAN GILLIER,                  :     11 Cr. 409 (RMB)
                                 :
                  Defendant.     :
                                 :
- - - - - - - - - - - - - - - - x

THE HONORABLE RICHARD M. BERMAN, District Judge:

WHEREAS the United States of America intends to produce to the defendant in the above-captioned matter in unredacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure that may contain personal identifying information and/or other information relating to and identifying third parties, including prior subjects of governmental investigation; and

WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendant and his counsel (collectively, "the defense") that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or

(2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. Confidential Material disclosed to the defense during the course of proceedings in this action:

(a) shall be used by the defense only for purposes of this action;

(b) shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defense except as set forth in paragraph 2(d) below;

(c) shall not be copied or otherwise recorded by the defense, but may be loaded onto secure databases or file-sharing systems used by defendant's counsel to review discovery;

(d) may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

    (i) secretarial, clerical, paralegal, investigative, and student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

2

      (ii) independent expert witnesses, investigators, or advisors retained by the defendant or on his behalf in connection with this action;

      (iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation; and

      (iv) such other persons as hereafter may be authorized by the Government or by order issued by the Court upon a motion by the defendant; and

(e) shall be either (i) returned to the Government following the conclusion of this case, including any appeals, within 30 days of the conclusion of the appeal, or of the expiration of the period for direct appeal from any verdict in the case; the period of direct appeal from any order dismissing any of the charges in the case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, together with any and all copies thereof; (ii) destroyed together with any and all copies thereof, with defendant's counsel verifying in writing to the Government that such destruction has taken place; or (iii) maintained by defendant's counsel as required by counsel's duties and responsibilities as counsel, as the case may

3

be, provided that defendant's counsel maintain the Confidential Information in accordance with Paragraph 2(b).

3. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(d). Designated Persons shall be subject to the terms of this Order.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or any appeal therefrom, or to any judge or magistrate of this Court for purposes of this action, or any appeal therefrom.

5. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

6. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

8. Nothing in this Order shall preclude or otherwise prejudice defense counsel from challenging the government's designation of any material as Confidential and seeking the Court's

permission to treat such material as if it had not been so designated. While any such application is pending with the Court, defense counsel will continue to treat the material at issue as Confidential under the terms of this Order.

Dated:	New York, New York
	February 24, 2021

AGREED AND CONSENTED TO:

> AUDREY STRAUSS
> UNITED STATES ATTORNEY
>
> By: _____
> Michael D. Neff
> Assistant United States Attorney
>
> _____
> Lee Ginsberg, Esq.
> Counsel for Stefan Gillier

SO ORDERED:

Dated: New York, New York
       February 24, 2021

_____  March 1, 2021
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

5