UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

STEFAN GILLIER,
    a/k/a "Stephan Gillier,"
    a/k/a "Stefan R.R. Gillier,"
    a/k/a "Roland Gillier,"
    a/k/a "Roland Van Gorp,"

                              Defendant.

11 Cr. 409 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves pretrial discovery and disclosure motions by defendant Stefan Gillier, who faces multiple conspiracy and fraud charges arising from his alleged participation in a multi-year scheme to defraud aircraft part manufacturers and distributors. Gillier seeks orders (1) compelling the Government to produce documents, to the extent it has not done so already, discoverable under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, *Giglio v. United States*, and the Jencks Act, 18 U.S.C. § 3500, and a list of its potential trial witnesses; (2) compelling the Government now to disclose, under Federal Rule of Evidence 404(b), "bad act" or "other crime" evidence that it intends to introduce at trial; and (3) granting Gillier leave to file additional motions. For the reasons below, the Court denies these motions in their entirety.

I.  **Relevant Background**

Indictment 11 Cr. 409 brings conspiracy and substantive charges of mail fraud, wire fraud, interstate transportation of stolen property, and money laundering against Gillier and a now-deceased co-conspirator ("CC-1") (together, "defendants"). The charges are based on the

defendants' alleged participation in a scheme to defraud Honeywell International, Inc. ("Honeywell") between 2004 and 2010. *See* Dkt. 9 ("Indictment") ¶¶ 1–23. As alleged, the defendants used their company, RTF International, Inc. ("RTF"), to place orders for aircraft parts. However, after paying by check, the defendants allegedly stopped payment after the parts had shipped, resold the parts to companies outside of New York, and transferred the fraudulently obtained proceeds to various bank accounts. *Id.*

On March 1, 2010, the defendants were charged by Complaint. Dkt. 1. Gillier, however, was not then apprehended. On May 12, 2011, a grand jury returned the eight-count Indictment, which remained under seal until May 2019, when Gillier was arrested in Italy. Dkt. 64 ("Gov. Resp.") at 3. In June 2020, Gillier was extradited to the United States. *Id.* On June 26, 2020, the Indictment was unsealed. Dkt. 10. On October 6, 2021, the case was reassigned from the Hon. Richard M. Berman, United States District Judge, to this Court. On December 7, 2021, Gillier filed the instant motions. Dkt. 61 ("Mot."). On December 22, 2021, the Government filed its opposition. Dkt. 64.

## II. Gillier's Discovery Motions

### A. Rule 16 Material

Gillier seeks additional Rule 16 discovery. He notes that, under Rule 16, the Government has a continuing obligation to produce such discovery through trial.

Although that principle of law is undoubtedly correct, *see United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013), it does not entitle Gillier to anything here. That is because there is no basis to claim—and Gillier does not claim—that the Government has violated its obligations under Rule 16. On the contrary, the Government represents that it has produced fulsome Rule 16 discovery that reflects all Rule 16 materials in its possession. These include

2

search warrant applications; reports summarizing statements to law enforcement by Gillier and CC-1; copies of Gillier's identification documents; the contents of various electronic devices; bank records, including images of RTF checks signed by Gillier; purchase orders; invoices; shipping records; credit applications submitted to Honeywell; phone records; incorporation records; travel records; audio recordings; video surveillance; photographs; emails; reports from numerous witness interviews; materials obtained from Honeywell; filings from civil litigation; and various documents exemplifying Gillier's signature (*e.g.*, a residential lease). The Government has also produced a disc containing "discovery highlights"—more than 600 files organized into 11 sub-folders—containing a subset of the Rule 16 material that the Government has determined to be especially relevant to the charged offenses. *See* Gov. Resp. at 2–3. The Government has committed to providing the defense with further Rule 16 discovery promptly after it comes into the Government's possession. *Id.* at 9. Gillier concedes that "the Government has provided substantial discovery to date" and does not contend that any specific discovery is outstanding. Mot. at 3.

Because Gillier has not identified any Rule 16 discovery that has not been produced and because the Government has pledged its continued compliance with Rule 16, he is not entitled to an order directing the Government to produce such materials. Absent a concrete controversy over compliance with Rule 16, such an order would not serve any purpose, making the motion moot. *See United States v. Weigand*, 482 F. Supp. 3d 224, 244 (S.D.N.Y. 2020) (denying as moot motion for additional discovery under Rule 16 where Government represented that it has produced all materials covered by the Rule); *United States v. Carrington*, No. 02 Cr. 897 (LTS), 2002 WL 31496199, at *2 (S.D.N.Y. Nov. 7, 2002) (same); *United States v. Gustus*, No. 02 Cr. 888 (LTS), 2002 WL 31260019, at *3 (S.D.N.Y. Oct. 8, 2002) (same).

### B. *Brady*, *Giglio*, and 3500 Material

Gillier next seeks an order directing the Government to provide "all exculpatory and impeachment material," including all "material contained in documents, reports and statements provided by Honeywell relating to internal investigations conducted by Honeywell or private investigators it has retained." Mot. at 5. Gillier relies on *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), which require the Government to disclose, respectively, information materially favorable to the defendant as to guilt or punishment, and information that can be used to impeach a Government witness. *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005); *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). Gillier also relies on the Jencks Act, 18 U.S.C. § 3500, which, in relevant part, obliges the Government to produce written records of certain statements made by witnesses the Government intends to introduce at trial ("3500 material"). *See United States v. Shyne*, 617 F.3d 103, 106 (2d Cir. 2010).

Gillier's bids fail. As to his motion for *Brady* materials, there is—as with Gillier's motion under Rule 16—no controversy to resolve. The Government has acknowledged its obligations under *Brady*, represents—without any refutation from Gillier—that it is unaware of any non-disclosed *Brady* material, and commits to promptly produce to Gillier *Brady* material of which it hereafter becomes aware. Gov. Resp. at 7. The Government further represents that it has produced all responsive documents in its possession encompassed by Gillier's requests for documents, reports, and statements provided by Honeywell regarding its investigations into Gillier, CC-1, and RTF. *Id.* at 8.

Given these representations, Gillier's motion as to *Brady* material is premature. The Government has given Gillier what it has. Gillier is not entitled to more, as there is no more to

4

give. *See United States v. Elder*, No. 18 Cr. 92 (WFK), 2021 WL 4129153, at *6 (E.D.N.Y. Aug. 25, 2021) (denying as premature motion to compel production of *Brady* material where Government had represented that it knew its *Brady* obligations, had produced all *Brady* material in its possession, and had pledged to disclose future *Brady* material as soon as practicable after becoming aware of it); *United States v. Powell*, No. 18 Cr. 287 (AT), 2019 WL 6790634, at *6 (S.D.N.Y. Dec. 12, 2019) (same); *United States v. Rivera*, No. 16 Cr. 175 (LGS), 2017 WL 1843302, at *2 (S.D.N.Y. May 8, 2017) (same, where, as here, there was no claim that the Government had withheld *Brady* material).

As to Gillier's motion demanding the production of 3500 material at this stage, it is precluded by the Jencks Act, which, the Second Circuit has held, "prohibits a District Court from ordering the pretrial disclosure of witness statements" to the extent that such disclosure is not otherwise mandated by *Brady* and *Giglio*. *Coppa*, 267 F.3d at 145–46; *see* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case.") (emphasis added). And the Government, as is customary in this District, has committed to produce such materials in advance of the Jencks Act deadline. Some have already been produced. And, the Government has represented that it will produce the rest to Gillier two weeks before trial, along with *Giglio* material and a draft witness list. Gov. Resp. at 8–10.

In light of these concrete pledges, which bind the Government, Gillier's lament that "the government often delays disclosure of [3500 material] until the last minute, . . . imped[ing] the defense's ability to prepare for trial and the defendant's rights to a fair trial and to effective

5

assistance of counsel," Mot. at 4, lacks vitality. The Government's timetable for producing such material is common in this District. *See Rivera*, 2017 WL 1843302, at *2 ("The practice in this District is to provide both *Giglio* and Jen[c]ks Act material at the same time, which should be at least one day prior to the testimony of the witness.") (quoting *United States v. Reyes*, 417 F. Supp. 2d 257, 261 (S.D.N.Y. 2005)); *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) (*Giglio* and Jencks Act materials are "typically produced a week or two before the start of trial, depending on the complexity of the case") (internal quotation marks omitted). And Gillier has not identified any reason why any earlier production of 3500 or *Giglio* material is required here to safeguard his trial rights. *See Elder*, 2021 WL 4129153, at *6 (denying motion to compel Government to produce *Giglio* and 3500 material where Government intended to produce *Giglio* and 3500 material at least three weeks before trial); *United States v. Ruiz*, 702 F. Supp. 1066, 1069–70 (S.D.N.Y. 1989) (approving Government agreement to provide impeachment material along with 3500 material one day before witness testified), *aff'd*, 894 F.2d 501 (2d Cir. 1990); *Wey*, 2017 WL 237651, at *23 ("Wey fails to articulate any persuasive reason why immediate disclosure is required in this case, and the Court otherwise sees no basis to deviate so substantially from the typical practice."); *United States v. Thompson*, No. 13 Cr. 378 (AJN), 2013 WL 6246489, at *9 (S.D.N.Y. Dec. 3, 2013) (rejecting request for early production of 3500 material under *Coppa*); *Rivera*, 2017 WL 1843302, at *2 (same for *Giglio* and 3500 material).

### C. Trial Witnesses' Identities

Gillier next seeks an order compelling the Government to "make available all potential trial witnesses so that [Gillier] may inquire as to whether they will consent to be interviewed by

defense counsel." Mot. at 5. Gillier relies on *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988).

This bid also fails. *Roviaro*—as the Second Circuit explained in *Saa*—holds, in pertinent part, that disclosure of a witness's identity to the defense is necessary where it "is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause." 859 F.2d at 1073 (quoting *Roviaro*, 353 U.S. at 77). But there is no "fixed rule" to determine when such is so. *Id.* Instead, a court undertakes a case-specific balancing test, weighing "the public interest in the flow of information against the individual's right to prepare his defense." *Id.* (quoting *Roviaro*, 353 U.S. at 77). Such balancing requires attention to, *inter alia*, the crime charged, the possible defenses, the witness's role as witness or participant in the crime, and the significance of the witness's testimony in determining the defendant's guilt or innocence. *Id.* (citing cases).

Here, beyond broadly demanding such information, Gillier has not made any attempt to show why these factors require disclosure of witness identities here. He does not show that such a revelation as to any witness or class of witnesses would be relevant and helpful to his defense at trial, let alone essential to the fair determination of this case. That alone is enough to reject his application. *See United States v. Bejasa*, 904 F.2d 137, 139–40 (2d Cir. 1990) (affirming denial of request to order Government to disclose witness identity where defendant failed to make a specific showing that disclosure was material to defense and reasonable in light of the circumstances of the case); *United States v. Morrison*, No. 04 Cr. 699 (DRH), 2007 WL 1075023, at *2 (E.D.N.Y. Apr. 5, 2007) (denying request for order compelling Government to disclose informants' identities where defendant failed to show that informants' potential testimony was material to defense). Gillier's speculation that one or more witnesses exist falls

well short of the showing needed to justify an order compelling their disclosure at this stage, at which a trial date has not yet been set. *See United States v. Philippeaux*, No. 13 Cr. 277 (RWS), 2015 WL 405240, at *5 (S.D.N.Y. Jan. 30, 2015) ("Defendant's contention is the sort of speculation regarding the possible significance of the informant's testimony to the defense that is insufficient to meet the Defendant's burden.").

In any event, the Government has committed to providing the defense—along with 3500 material for each witness—a draft witness list two weeks before trial.[1] On the present record, there is no basis to find that timetable too close to trial. *Cf. United States v. Gomez*, No. 17 Cr. 602 (JMF), 2018 WL 501607, at *4 (S.D.N.Y. Jan. 19, 2018) (where defense had shown a sufficient need for disclosure of confidential witness's identity, requiring not immediate disclosure of identity, but disclosure no later than six weeks before trial). The Court's decision to deny Gillier's non-specific request at this early juncture is without prejudice to his right to renew such an application closer to trial based a concrete showing of need.

### III. 404(b) Evidence

Gillier's final request is for disclosure of "bad act" or "other crime" evidence under Federal Rule of Evidence 404(b). That rule authorizes admission of evidence of a defendant's other crimes, wrongs, or bad acts when offered for certain permissible purposes (*e.g.*, to show a defendant's motive, opportunity, or intent), provided that the probative value of such evidence is not outweighed by the risk of unfair prejudice. Fed. R. Evid. 404(b); *see generally United States v. Robinson*, No. 17 Cr. 249 (PAE), 2017 WL 4466616, at *5 (S.D.N.Y. Oct. 5, 2017). The rule

---

[1] The Government also points out that it has already produced reports of certain witness interviews in unredacted form, and that Gillier has access to affidavits and declarations from Honeywell employees, filed in a related civil litigation and produced in discovery in this case. *See* Gov. Resp. at 12 (citing *Honeywell Int'l, Inc. v. RFT Int'l, Inc. et al.*, 06 Civ. 4583 (BSJ) (S.D.N.Y.)).

requires the Government to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(3)(A). Gillier asks the Court to order that the Government provide him such evidence "at the earliest possible time," to enable him to prepare for trial and avoid delay. Mot. at 6.

There is no "minimum time for action by the government [in complying with Rule 404(b)], nor would any time limit be appropriate, since the evidence the government wishes to offer may well change as the proof and possible defenses crystallize." *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988); *see also United States v. Chan*, No. S1 197 Cr. 1053 (PKL), 2002 WL 46994, at *2 (S.D.N.Y. Jan. 14, 2002) (same). That said, in general, "[c]ourts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b)." *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31213, at *2 (S.D.N.Y. Jan. 6, 2014) (quoting *United States v. Ojeikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004)).

Here, the Government has committed to providing Rule 404(b) evidence at least three weeks before trial. Gov. Resp. at 13. That timeline accords with time periods found reasonable in this Circuit. *See Ojeikere*, 299 F. Supp. 2d at 257 (citing cases); *Gustus*, 2002 WL 31260019, at *3 (directing Government to make 404(b) disclosures no fewer than three weeks before trial). And Gillier again has "identified no special circumstances" in his case that warrant deviating from this norm. *See Ojeikere*, 299 F. Supp. 2d at 257. The Court denies this request, again without prejudice to Gillier's right to renew it on a more particularized showing.

## IV. Leave to File Future Motions

Finally, Gillier requests "leave to file additional motions as may become appropriate if circumstances change or evolve." Mot. at 7. There is no need to grant such a motion. The Court

9

has not precluded future motions, and Gillier's counsel is already at liberty to seek leave to file future motions as the circumstances justify. The Court accordingly denies this motion as moot.

## CONCLUSION

For the foregoing reasons, the Court denies Gillier's motions in their entirety.

SO ORDERED.

                                                        *Paul A. Engelmayer*
                                                        PAUL A. ENGELMAYER
                                                        United States District Judge

Dated: January 19, 2022
       New York, New York