UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

STEFAN GILLIER,

                  Defendant.

11 Cr. 409 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      The Court has received the defense's letter of September 23, 2022, Dkt. 130, which argued that the Government had not satisfactorily isolated the mailings on which it proposed to rely in closing argument with respect to Count Two, which charges the offense of mail fraud. The Government's email identifying mailings it contended were in furtherance of the alleged mail fraud scheme had specified one mailing of documentation (on April 4, 2006), two mailings of air turbine starters (on April 12 and May 17, 2006), and mailings of the invoices listed within GX 106. Because GX 106 contained, by the defense's count, 828 such invoices, the defense contended that the Government had not meaningfully narrowed the universe of mailings-in-furtherance on which it might rely. The Government's letter of September 24, 2022, Dkt. 131, clarifies that, it will argue *with specificity* as to seven mailings within GX 106 (those on pages 934, 953, 954, 957, 959, 961, and 962), while reserving the right to make the broader factual point that, per the testimony of Paul Hadzellis, all such invoices were mailed.

      The Court's assessment is that the Government's proposed approach provides satisfactory notice to the defense as to the mailings on which it will rely in arguing that the fraud scheme in which the defendant allegedly participated was furthered by mailing(s). *See United States v.*

*Dupre*, 462 F.3d 131, 144 n.14 (2d Cir. 2006).  The Court thus regards the defense's motion claiming a violation of due process and seeking a preclusionary remedy as moot.

The Court strongly encourages the Government, however, to assure that its jury arguments do not invite the jury to find the element of a mailing-in-furtherance to have been met by mailings, including of invoices, that the Government has not specified.  An argument that did so would inject a needless issue, whose resolution could delay the forward progress of this trial.  It could, in particular, require the Court and counsel to discuss—before the Court charged the jury—whether a modification of the currently drafted charge was necessary to assure that the jury's deliberations as to the mailing-in-furtherance element of Count Two were limited to the mailings of which the defense had been given pre-argument notice.

SO ORDERED.

                                                                    PAUL A. ENGELMAYER
                                                                    United States District Judge

Dated: September 25, 2022
        New York, New York